# UNITED STATES DISTRICT COURT
# CENTRAL DISTRICT OF CALIFORNIA

## CIVIL MINUTES - GENERAL

| Case No. | 2:23-cv-05158-RGK-MAR | Date | July 18, 2023 |
|---|---|---|---|
| Title | *Bill Utter et al v. FCA US, LLC et al* | | |

| Present: The Honorable | R. GARY KLAUSNER, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Joseph Remigio (not present) | Not Reported | N/A |
| Deputy Clerk | Court Reporter / Recorder | Tape No. |
| Attorneys Present for Plaintiff: | | Attorneys Present for Defendant: |
| Not Present | | Not Present |

**Proceedings:**  **(IN CHAMBERS) Order to Show Cause Re: Amount in Controversy [DE 1]**

On May 24, 2023, Bill Utter and Jacquelyn Utter ("Plaintiffs") filed a Complaint against FCA US, LLC ("Defendant") in Los Angeles County Superior Court alleging violations of the Song-Beverly Consumer Warranty Act (Cal. Civ. Code §§ 1790 *et seq.*), the Consumers Legal Remedies Act (Cal. Civ. Code §§ 1750 *et seq.*), and fraudulent concealment. Plaintiffs' allegations arise from a January 21, 2017 lease of a 2017 Jeep Cherokee vehicle ("Vehicle") from Defendant. On June 29, 2023, Defendant timely removed the action to this Court on the basis of diversity jurisdiction.

Pursuant to 28 U.S.C. § 1332, a district court shall have original jurisdiction over any civil action where the matter in controversy exceeds the sum or value of $75,000 and is between citizens of different States. After a plaintiff files an action in state court, the defendant attempting to remove the action bears the burden of proving the amount in controversy requirement has been met. *Fritsch v. Swift Transp. Co. of Ariz., LLC*, 899 F.3d 785, 793 (9th Cir. 2018) (citing *Urbino v. Orkin Servs. of Cal., Inc.*, 726 F.3d 1118, 1121–22 (9th Cir. 2013)).

Courts must "strictly construe the removal statute against removal jurisdiction" and remand an action "if there is any doubt as to the right of removal in the first instance." *Gaus v. Miles, Inc.*, 980 F.2d 564, 566 (9th Cir. 1992). However, "[w]hen a notice of removal plausibly alleges a basis for federal court jurisdiction, a district court may not remand the case back to state court without first giving the defendant an opportunity to show by a preponderance of the evidence that the jurisdictional requirements are satisfied." *Arias v. Residence Inn*, 936 F.3d 920, 924 (9th Cir. 2019). "A shortcoming in a notice of removal concerning the amount in controversy is not jurisdictional . . . until the movant has an opportunity to correct any perceived deficiency in the notice," and the notice need not in and of itself prove that the district court has jurisdiction. *Acad. of Country Music v. Cont'l Cas. Co.*, 991 F.3d 1059, 1068 (9th Cir. 2021).

## UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA

**CIVIL MINUTES - GENERAL**

| Case No. | 2:23-cv-05158-RGK-MAR | Date | July 18, 2023 |
|---|---|---|---|
| Title | *Bill Utter et al v. FCA US, LLC et al* | | |

Plaintiffs seek replacement or restitution for all money paid, incidental and consequential damages, civil penalties, punitive damages, injunctive relief, and actual attorneys' fees, among other remedies, under the Song-Beverly Act and the Consumers Legal Remedies Act. In the Notice of Removal, Defendant asserts that the amount in controversy exceeds $75,000. In support, Defendant states that Plaintiffs seek actual damages of $29,168.48 and civil penalties and attorneys' fees in the amount of $58,336.96 for the potential damages to total $87,505.44.

Defendant, however, fails to plausibly allege that the amount in controversy exceeds $75,000. A 2019 sales contract for the Vehicle lists its total cash price as $26,935.88. (Proudfoot Decl., Ex. A, ECF No. 3.) This sales price from nearly four years ago—which falls well short of the $75,000 threshold—is not indicative of the Vehicle's present value. Defendant also supports removal with Plaintiffs' request for civil penalties and attorneys' fees available under the Song-Beverly Act. While civil penalties and attorneys' fees are available for willful failure to comply with the Act, Defendant has not offered any evidence to support such an award. The Court declines to speculate as to what this award might be.

For the foregoing reasons, Defendant has not satisfied its burden of plausibly alleging that the amount in controversy meets the jurisdictional requirement. Accordingly, the Court **ORDERS** Defendant to **show cause in writing** why the jurisdictional requirements are or are not satisfied. Such a response **shall not exceed five pages** and must be submitted within **seven days of this Order's issuance.**

**IT IS SO ORDERED.**

| | : |
|---|---|
| Initials of Preparer | JRE/ak |